IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FRANCIS VISCOMI                    :              CIVIL ACTION
                                   :
            v.                     :
                                   :
CORIZON CORRECTIONAL HEALTHCARE    :              NO. 14-5759

MEMORANDUM

Bartle, J.                                        July 13, 2015

        Plaintiff Francis Viscomi ("Viscomi") brings this five-
count action asserting claims of unlawful employment practice under
Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et
seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa.
Cons. Stat. Ann. §§ 951 et seq., against his former employer,
Corizon Health, Inc. ("Corizon").  Viscomi, who is Caucasian, was
formerly employed by Corizon as a Licensed Practical Nurse.  He
alleges that his supervisor disciplined him and his employment was
eventually terminated because he is a Caucasian male.[1]

        Now before the court is the motion of Corizon for
summary judgment under Rule 56 of the Federal Rules of Civil
Procedure.

        Summary judgment is appropriate "if the movant shows that
there is no genuine dispute as to any material fact and the movant

---

[1]  Viscomi also avers in his complaint that he was subjected to
retaliation after he pursued union grievance procedures.  This
count was dismissed for lack of subject-matter jurisdiction in
an order dated January 9, 2015.  (Doc. # 4).

is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a);
see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Rule
56(c)(1) states:

> A party asserting that a fact cannot be or is
> genuinely disputed must support the assertion
> by ... citing to particular parts of materials
> in the record, including depositions,
> documents, electronically stored information,
> affidavits or declarations, stipulations ...,
> admissions, interrogatory answers, or other
> materials; or ... showing that the materials
> cited do not establish the absence or presence
> of a genuine dispute, or that an adverse party
> cannot produce admissible evidence to support
> the fact.

Fed. R. Civ. P. 56(c)(1).

A dispute is genuine if the evidence is such that a
reasonable factfinder could return a verdict for the non-moving
party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986).
Summary judgment is granted where there is insufficient record
evidence for a reasonable factfinder to find for the plaintiffs.
Id. at 252. When ruling on a motion for summary judgment, we may
only rely on admissible evidence. See, e.g., Blackburn v. United
Parcel Serv., Inc., 179 F.3d 81, 95 (3d Cir. 1999). We view the
facts and draw all inferences in favor of the nonmoving party. In
re Flat Glass Antitrust Litig., 385 F.3d 350, 357 (3d Cir. 2004).

The following facts are undisputed. Corizon provides
health care services at correctional facilities throughout the
United States, including prisons in Philadelphia, Pennsylvania.

Viscomi began his employment at Corizon as a Licensed Practical Nurse ("LPN") in 2004 and worked at facilities in the city.  His job responsibilities included, among other things, insuring the timely implementation of physicians' orders, clearly documenting patient encounters, properly administering prescribed medications, and maintaining an accurate accounting of narcotics, sharp objects, and syringes.

It is particularly important in the correctional context to keep track of sharp objects and narcotics since these items are valuable and potentially dangerous commodities if they make their way into the inmate population.  LPNs like Viscomi were therefore required at the end of each shift to complete a count of sharp items and a pill count.  The counts were to be recorded in logs and signed.

Corizon has a structured disciplinary policy in place to ensure employee diligence in these and other tasks.  When a problem arises, an employee is first given a Verbal Communication. Following a Verbal Communication, the employee receives a First Written Warning, a Second Written Warning, and a Final Warning. After the Final Warning the employee may be terminated for any subsequent issue.  Grievance procedures exist at every stage in the process, and Corizon reserves the right to skip intermediate steps where appropriate.  Corizon employees may also receive Employee

Counseling Reports, which are a non-punitive means to address workplace deficiencies.

Viscomi received numerous verbal and written warnings during his employment with Corizon.  From May 2007 through September 2009, he received two Verbal Communications and three written warnings, including a Final Written Warning, for excessive lateness.  He also received a First Written Warning for leaving a patient in an unclean state.  From April 2010 through February 2011, he received three counseling reports and three written warnings for various performance-related issues.  He failed to co-sign a pill count in April 2010, for which he received a counseling report.  He received a Verbal Communication when he changed an inmate's medication dosage without a doctor's order later on that same month.  He had problems with completing notes and other required documentation.  In February 2011 Viscomi received a counseling report for failing to sign the "sharps count," that is, the daily accounting of sharp objects including syringes.  He also received a Final Written Warning at the end of February for failing to complete paperwork, but after Viscomi filed a grievance, this warning was rescinded.

Viscomi's issues with paperwork, lateness, and failing to sign sharps- and pill-count logs continued into 2012.  On June 6, 2012, Viscomi failed to sign the chart verifying that he had given insulin to a patient.  This presented a potentially dangerous

situation in that another clinician reviewing the file could have administered a second dose of insulin in the absence of a notation. On the next day, Viscomi medicated an inmate who had run out of medicine with another inmate's medication.  While Viscomi explained that the inmate had become disruptive and was demanding medication, Corizon expressly forbids the giving of one patient's pills to another.

Viscomi's supervisor decided to terminate his employment after the incidents of June 6 and 7.  Viscomi filed a grievance with his union in connection with the termination.  His grievance was denied, and the union declined to pursue arbitration.  Viscomi did not raise any issues of discrimination during the grievance process.

To begin our analysis of Viscomi's claims of gender and race discrimination, we set forth the burden-shifting framework provided in McDonnell Douglas Corp. v. Green, which controls cases of discrimination under Title VII and the PHRA.  411 U.S. 792, 802 (1973); Jones v. Sch. Dist. of Phila., 198 F.3d 403, 410 (3d Cir. 1999).  The plaintiff bears the initial burden of making out a prima facie case.  To challenge the plaintiff's prima facie case, the defendant must come forward with legitimate, non-discriminatory reasons for its actions.  McDonnell Douglas, 411 U.S. at 802.  If the defendant succeeds in doing so, the plaintiff has the next move. In order to survive the defendant's motion for summary judgment,

"the plaintiff must point to some evidence, direct or
circumstantial, from which a factfinder could reasonably either (1)
disbelieve the employer's articulated legitimate reasons; or (2)
believe that an invidious discriminatory reason was more likely than
not a motivating or determinative cause of the employer's action."
Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994).  At all times,
the plaintiff retains the burden of proof on his or her claim.  Tex.
Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981).

        Under this burden-shifting framework, it is Viscomi's
prima facie burden for his gender and race discrimination claims to
come forward with evidence that:

            (1) [H]e is a member of a protected class;
            (2) [h]e was qualified for the position [h]e
            sought to attain or retain;
            (3) [h]e suffered an adverse employment action;
            and
            (4) the action occurred under circumstances
            that could give rise to an inference of
            intentional discrimination.

Makky v. Chertoff, 541 F.3d 205, 214 (3d Cir. 2008).  One way in
which a plaintiff can create an inference of discrimination is by
offering evidence of a similarly situated employee, not of the
protected class, who was treated more favorably.  Simpson v. Kay
Jewelers, Div. of Sterling, Inc., 142 F.3d 639, 645 (3d Cir. 1998).

        In this matter we note that Viscomi has not responded to
Corizon's motion for summary judgment.  In any event, he has failed
to meet his prima facie burden with respect to either his gender

discrimination claim or his race discrimination claim.  Indeed, as
Corizon notes, Viscomi merely urges that he was one of only two
Caucasian males employed by Corizon at the correctional facilities
at which he worked and that he faced some kind of "resentment" from
his supervisor.  The simple demographic makeup of a plaintiff's
workplace, however, does not satisfy his or her prima facie burden
without additional circumstances that might make reasonable an
inference of invidious discrimination.  See Haley v. City of
Plainfield, 169 F. App'x 670, 674 (3d Cir. 2006).[2]  Even assuming
that Viscomi satisfies the first three prongs of the prima facie
analysis, his unsupported speculation about resentment fails to
satisfy the fourth.

Moreover, even if Viscomi were to have made out a prima
facie case, he has done nothing to rebut Corizon's reasons for his
discipline and termination.  Corizon explains that each instance of
discipline was the result of a specific shortcoming in Viscomi's job
performance, including very serious infractions like failing
properly to document sensitive items and failing to adhere to safety
protocols for the administration of medications.  Viscomi has not
pointed to any evidence to cast doubt on these reasons for

---

[2]  Viscomi also points to an African-American female coworker as
a similarly situated comparator but does nothing to demonstrate
that she faced different consequences for similar conduct.

-7-

disciplining him and eventually terminating his employment.  <u>See</u>
<u>Fuentes v. Perskie</u>, 32 F.3d 759, 764 (3d Cir. 1994).

     Accordingly, the motion of Corizon for summary judgment in
its favor and against Viscomi will be granted on both his Title VII
and his PHRA claims.